**SO ORDERED.**

**SIGNED this 17 day of April, 2006.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WILSON DIVISION

IN RE:

**GREGG KENDALL STATON,**

    **Debtor.**          Case No.: 05-01682-8-JRL

**VICKI LAMM STATON ETHERIDGE,**

    **Plaintiff,**

vs.          Adversary Proceeding No.:
             05-00166-8-AP

**GREGG KENDALL STATON,**

    **Defendant.**
_____

**ORDER**

This case is before the court on the plaintiff's complaint objecting to the dischargeability of defendant's debt. On April 12, 2006, the court conducted a trial of this matter in Wilson, North Carolina.

## FACTS

1. The plaintiff and the defendant were married but separated on December 1, 2001.

2. The parties entered into a separation agreement and property settlement on November 8, 2002.

3. Pursuant to this agreement, the defendant is obligated to the plaintiff for his half of the second mortgage on their real property ("marital residence") and certain other debts.

4. In exchange, the plaintiff agreed to waive alimony and any claims she could assert against the defendant's current wife relating to the defendant's infidelity.

5. The agreement also requires the plaintiff to use her best efforts to refinance the first mortgage on the marital residence into her sole name within 90 days of the execution of the agreement. The parties also agreed to sell their timeshares in two properties and use the equity to pay off the second mortgage.

6. The plaintiff was unable to refinance the first mortgage, despite her best efforts, due to the existence of a second mortgage on the property.[1]

7. The plaintiff and the defendant were unsuccessful in their attempts to sell the timeshares and no longer hold an interest in them.

8. The defendant has discontinued payment on the obligations he assumed in the separation agreement.

9. As a result, the plaintiff is making all of the monthly payments on the second mortgage and was

---

[1] The defendant admitted at trial that the plaintiff has used her best efforts.

forced to obtain a mortgage loan on her current residence in order to pay off the other debts that the defendant agreed to assume.

10. On March 2, 2005, the defendant filed a Chapter 7 petition and on June 6, 2005, he received a discharge.

11. The defendant has the ability to pay the debts under the separation agreement as his income is higher and he has the benefit of a Chapter 7 discharge as to his other debts.

12. The plaintiff asserts that the defendant's obligations under their separation agreement are nondischargeable pursuant to 11 U.S.C. § 523(a)(15).

## **ANALYSIS**

Under 11 U.S.C. § 523(a)(15), a discharge under § 727 "does not discharge an individual debtor from any debt" that is "incurred by the debtor in the course of divorce or separation or in connection with a separation agreement." These types of debts may be discharged, however, if "the debtor does not have the ability to pay such debt from income or property of the debtor not reasonably necessary to be expended for the maintenance and support of the debtor or a dependent" or the discharge "would result in a benefit to the debtor that outweighs the detrimental consequences to a . . . former spouse." See 11 U.S.C. § 523(a)(15)(A)-(B) (2005).

The burden of proof under § 523(a)(15) is borne initially by the creditor or former spouse. See In re Crosswhite, 148 F.3d 879, 884-85 (7th Cir. 1998). The creditor must establish that the debt in question falls under the statute. Id. After this showing, the burden shifts to the debtor/defendant to show that the debtor qualifies for one of the exceptions to nondischargeability. Id.; Ferraro v. Ballard (In re Ballard), Case No. 02-1819, 2003 U.S. App. LEXIS 12940, *11-12 (4th Cir. June 26, 2003).

In this case, the plaintiff met the burden of proof under § 523(a)(15) by showing that the defendant incurred debts in connection with a separation agreement that were not in the nature of alimony. The defendant failed to present evidence that he could not pay the debts in question or that the benefit to him if he did not pay the debts would outweigh the detriment to the plaintiff. The defendant's bankruptcy schedules show that he is transferring the sum of $1,143 to his non-filing spouse each month, although she receives income comparable to his. The defendant has no explanation for this expense. He has had no reduction in his monthly salary and has the ability to work part-time to supplement his income. The detriment to the plaintiff has been great as she has not received any of the benefits she was entitled to under the separation agreement, although she gave up her right to alimony and her right to assert certain claims.

## CONCLUSION

Based on a preponderance of the evidence, the court finds that the defendant has not met his burden of proof under § 523(a)(15)(A)-(B). He does not fall under either exception to nondischargeability; therefore, the debts that the defendant assumed under his separation agreement with the plaintiff are nondischargeable. The clerk is directed to enter judgment accordingly.

"End of Document"